UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD LACHNEY,<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-00478 |
| VERSUS | CHIEF JUDGE DRELL |
| O'REILLY AUTOMOTIVE<br>STORES, INC., *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court are: (1) a Motion to Amend Answer to Complaint (Doc. 21) ("Motion to Amend"); (2) a Motion for Extension of Expert Witness Deadlines (Doc. 29) ("First Motion for Extension"); (3) a Motion in Limine to Exclude Defense Expert (Doc. 43) ("Motion in Limine"); and (4) a Motion for Extension to Preserve Deadline to Retain Rebuttal Witness/Experts ("Second Motion for Extension") (Doc. 51). All of the motions relating to Defendants' attempt to add an affirmative defense not asserted in Defendants' original answer.

Because Plaintiff will not be prejudiced, and the proposed amendment will not be futile, Defendants are entitled to leave to amend. Further, the defense implicates additional medical issues which have not been fully addressed in discovery. Thus, both parties are entitled to additional time to conduct expert discovery. The Motion to Amend and the First and Second Motions for Extension are granted. The Motion in Limine is denied. And the fact and expert discovery deadlines are reset as set forth below.

I.   Background

Plaintiff Ronald Lachney ("Lachney") filed this lawsuit in the Twelfth Judicial District Court in Avoyelles Parish. Lachney seeks damages for personal injuries allegedly sustained in a car accident with Defendant Freck Williams ("Williams"). Williams was driving a vehicle owned by Defendant O'Reilly Automotive Stores, Inc. ("O'Reilly"), and insured by Defendant Safety National Casualty Corp. ("Safety National"), at the time of the accident.

Defendants answered Lachney's Petition in state court. Defendants then removed.

On May 1, 2017 – the scheduled deadline for amending pleadings – Defendants filed a Motion to Amend Answer (Doc. 21), seeking leave to assert additional affirmative defenses. In the proposed Amended Answer (Doc. 21-2), Defendants added three affirmative defenses: (1) an exclusion of any medical expenses paid by Medicare and/or Medicaid; (2) a credit for any medical expenses discounted or "marked down" by any medical provider; and (3) the defense of "sudden emergency," excluding Defendants from any liability "for the sudden medical emergency of Freck Williams that may have led to, caused, or contributed to the incident forming the basis of this litigation." (Doc. 21-2, p. 2).

Lachney opposes the amendment – in particular, the addition of the sudden emergency defense. The defense raised additional disputes regarding expert witnesses and discovery. Additional motions therefore followed. The Court addresses each motion in turn.

II.   Law and Analysis

   A.   The Motion to Amend should be granted.

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005) (internal citations and quotations omitted). While leave to amend should not be granted automatically, a court must have a "substantial reason" to deny leave. Id. (quoting Lyn–Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002)).

In deciding whether to grant leave to amend, a court may consider such factors as: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of the amendment. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981); accord Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004).

Moreover, when a defendant fails to assert affirmative defenses in the answer, special considerations arise:

> Under Federal Rule of Civil Procedure 8(c), a party must affirmatively state an affirmative defense in responding to a pleading. If a defendant fails to raise an affirmative defense in its responsive pleading, it is waived. Fed. R. Civ. P. 12(b); Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). "However, '[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise...technical failure to comply precisely with Rule 8(c) is not fatal.' " Pasco ex rel. Pasco v. Knoblauch, 566 F.3d 572, 577 (5th Cir. 2009) quoting Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983). "An affirmative defense is not waived if the defendant 'raised the issue at a pragmatically

sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.' " Id.; See also, Burnett v. State Farm Fire and Cas. Co., 2010 WL 4627727, at *4 (M.D. La. Nov. 4, 2010) ("However, a defendant does not per se waive its right to plead an affirmative defense by failing to plead the defense in its answer. Instead, the court may permit the defendant to amend its answer to include the defense if the plaintiff was on notice of the defense within a reasonable time and is not prejudiced by the defendant's failure to include the defense in its answer.") (internal citations omitted). Courts in this circuit "look at the overall context of the litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." Pasco ex rel. Pasco v. Knoblauch, 566 F.3d 572, 577 (5th Cir. 2009) quoting Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983).

Scott v. E.I. du Pont de Nemours & Co., CV 13-741-SDD-EWD, 2016 WL 1464565, at *3 (M.D. La. Apr. 13, 2016).

Lachney argues that: (1) Defendants unduly delayed the amendment; (2) Lachney will be prejudiced by the amendment; and (3) the amendment is futile. And as threshold matters, the parties dispute whether the proposed amendment: (1) raises the defense of "sudden emergency" or, rather, the defense of "sudden loss of consciousness"; and (2) whether each of those defenses is, technically, an "affirmative defense" which must be specifically pled.

### 1. Defendants' proposed amendment raises the affirmative defense of "sudden loss of consciousness."

Defendants first argue that the defense of "sudden emergency" is not an affirmative defense which must be specifically pled. Defendants cite Dupree v. Sayes, a Louisiana appellate court decision noting that "the sudden emergency doctrine is not an affirmative defense and, therefore, need not be specifically pled in the defendant's answer." Dupree v. Sayes, 42,792 (La.App. 2 Cir. 12/5/07, 4), 974 So.2d

4

22, 24. However, as Lachney correctly counters, <u>Dupree</u> and other Louisiana cases make clear that Defendants are not actually asserting the "sudden emergency" defense in this case.

In <u>Dupree</u>, the court explained that the "sudden emergency" doctrine may apply to cases involving an "inevitable accident," meaning an accident in which a driver "exercised ordinary care as required by law . . . and has, nevertheless, inflicted injury on another." <u>Id.</u> Quoting its prior decision in <u>Smeby v. Williams</u>, 42,163 (La.App.2d Cir.6/27/07), 961 So.2d 597, the <u>Dupree</u> court described the sudden emergency doctrine as follows:

> Under the sudden emergency doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence.

<u>Dupree</u>, 974 So.2d at 24.

Defendants also cite <u>McCann v. State Farm Mut. Auto. Ins. Co.</u>, a Louisiana Third Circuit decision involving the sudden emergency doctrine. 483 So.2d 205 (La. Ct. App.1986), writ denied, 486 So.2d 734 (La. 1986). <u>McCann</u> set forth a definition of the doctrine which is substantially identical to the definition applied in <u>Dupree</u>:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, as long as he has acted in a reasonably prudent manner once confronted, and, unless the emergency was brought about by his own negligence.

<u>Id.</u> at 211.

5

Defendants labeled the defense "sudden emergency." (Doc. 21-2, p. 2). But Defendants' subsequent briefing and argument, as well as the expert testimony and other evidence Defendants rely upon, does not indicate Williams found himself in a position of imminent peril to which he responded with what appeared to be the best course of action. Instead, Defendants claim Williams had a stroke or a seizure[1], lost consciousness, and was therefore not at fault in the accident. That assertion – the "sudden unconsciousness" defense – is an affirmative defense which is different from the doctrine of sudden emergency, and which must be specifically pled and proved by clear and convincing evidence. See, e.g., Brannon v. Shelter Mut. Ins. Co., 507 So.2d 194, 195 (La.1987); Cash v. McGregor, 31,537 (La.App. 2 Cir. 2/24/99, 4), 730 So.2d 497, 499, writ denied, 99-1117 (La. 6/4/99), 744 So.2d 628; Hardison v. Encompass Ins., 2008-0271 (La.App. 1 Cir. 10/31/08).

> 2. **Defendants did not "unduly" delay in asserting the sudden unconsciousness defense, and the proposed amendment would not prejudice Lachney.**

Lachney argues that Defendants' proposed amendment was unduly delayed, and would prejudice Lachney's efforts to prepare for trial. The Court disagrees.

Delay alone is not a sufficient basis to deny leave to amend. Mayeaux v. Louisiana Health Service and Indem. Co., 376 F.3d 420, 427-28 (5th Cir. 2004). The delay must be undue; that is, it must prejudice the non-movant or impose an unwarranted burden on the court. Id. "The touchstone for denial of leave to amend under Rule 15(a) is prejudice." Dueling v. Devon Energy Corp., 623 Fed.Appx. 127,

---

[1] This is yet another point of contention, as discussed below.

6

130 (5th Cir. 2015). As such, a movant's delay "warrants dismissal 'only if the delay … presents the possibility of serious prejudice to the opponent.'" Id. (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598–99 & n. 2 (5th Cir. 1981)). Delay is "undue" or "prejudicial" when it impairs an opposing party's ability to respond to the amendment or prepare for trial. Dueling, 623 Fed.Appx. at 130.

Here, Defendants' motion for leave was timely. The parties conferred and requested the deadline of May 1, 2017, as a deadline for amended pleadings. The Court approved that request. Defendants moved for leave to amend within that deadline, albeit on the last day possible.

Lachney argues, however, that evidence adduced during discovery – medical records and disclosures – indicated Defendants knew about the defense early in the case. Nonetheless, Defendants waited to formally assert the defense. Lachney suggests Defendants' delay was, at a minimum, unjustified, and at most, artful and prejudicial.

Defendants maintain they delayed because "they needed to verify that they had a basis for the sudden emergency defense by obtaining [Williams's] medical records and by taking the deposition of . . . one of the attending physicians who treated [Williams] shortly after this stroke." (Doc. 24, p. 4). Defendants further argue the amendment fell not only within the deadline for amended pleadings, but also within the discovery deadline, and therefore, will not be prejudicial.

It is certainly true that Defendants delayed. It is also true that Defendants' explanation for the delay is subject to at least some dispute. As early as the initial

7

disclosures, Defendants had information indicating that the sudden unconsciousness defense may have been viable. Defendants could have sought leave earlier. It is also disputable whether Defendants needed the entirety of the period during which pleadings could be amended – up until the very last day – to explore the sudden unconsciousness defense.

But Defendants' delay alone is not enough. In this case, the delay has not, and will not, inhibit Lachney's ability to respond to the defense or prepare for trial.[2] Both parties have been investigating the defense, at least indirectly, throughout discovery. Lachney notes that Defendants were mentioning "sudden emergency" as early as the initial disclosures. The issue was also specifically addressed during the deposition of Dr. Brian Jobe, taken on March 30, 2017. Lachney has not been surprised or otherwise prejudiced.

While Defendants could have amended earlier, their motion for leave fell within the operative deadline. Lachney was thus on notice, until that point, that additional amendments were possible. Given the exploration of the defense in discovery before the deadline to amend, Lachney was on notice that an amendment to assert the defense was possible, if not likely. Further, Lachney has been, and will continue to be, able to conduct discovery regarding the defense in preparation for a future trial. And as explained below, any remaining risk of prejudice will be allayed

---

[2] The Court has described three overlapping inquiries: (1) whether Defendants' failure to comply with Rule 8(c) by asserting an affirmative defense in its first responsive pleading will prejudice Lachney, (2) whether Defendants' "unduly" delayed the proposed amendment to assert the affirmative defense; and (3) whether the proposed amendment is "prejudicial" as a separate factor in considering leave to amend. All three inquiries converge at this point. The inquiries all raise the same basic question: whether Defendants' proposed amendment will prejudice Lachney through unfair surprise or by interfering with Lachney's ability to respond to the defense and prepare for trial.

8

with extensions. Accordingly, neither the pleading requirements of Fed. R. Civ. P. 8(c), nor the factors of undue delay or risk of prejudice, disfavor the proposed amendment.

### 3. The proposed amendment is not futile.

Lachney also maintains the proposed amendment will be futile, because the evidence, in Lachney's view, does not support the sudden unconsciousness defense. Lachney further argues that Defendants have not proven the defense by clear and convincing evidence.

It is true that courts may deny leave to amend when the proposed amendment would be futile. Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010). But critically, "[f]utility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." Legate v. Livingston, 822 F.3d 207, 211 (5th Cir. 2016), cert. denied sub nom. Legate v. Collier, 137 S.Ct. 489, 196 L.Ed.2d 389 (2016), reh'g denied, 137 S.Ct. 1139, 197 L.Ed.2d 239 (2017); accord Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

Stated succinctly, a court must determine whether a proposed amendment is "legally insufficient on its face" – not whether a defendant has, at the pleading stage, already carried the ultimate burden of establishing an affirmative defense by clear and convincing evidence. See Garcia v. Castro, 2:15-CV-440, 2017 WL 2964945, at

9

\*3 (S.D. Tex. July 11, 2017) (internal citation and quotation omitted).[3] Stated more fully:

> "An affirmative defense is subject to the same pleading requirements as is the complaint." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999). An affirmative defense, like the complaint, need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2). In Woodfield, a 1999 case, the Fifth Circuit held that a defendant sufficiently pleaded an affirmative defense by providing enough specificity or factual particularity to give the plaintiff "fair notice." 193 F.3d at 362. Woodfield's fair-notice pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." Id. A court makes this determination through a fact-specific analysis. Id.

Edison Glob. Circuits, LLC v. Ingenium Techs. Corp., CIV.A. H-11-1207, 2012 WL 1884083, at \*2 (S.D. Tex. May 22, 2012).

Here, Defendants' proposed amendment states: "Defendants plead the affirmative defense of sudden emergency and that they are not liable for the sudden medical emergency of Freck Williams that may have led to, caused or contributed to

---

[3] Lachney seems to suggest that Defendants must prove the sudden unconsciousness defense by clear and convincing evidence at this point to establish that the proposed amendment will not be futile. That is not the standard to be applied in deciding whether to grant leave to amend. That is Defendants' ultimate burden of proof.

Even so, the available evidence appears to be in conflict at this point. Some of the evidence – such as the testimony of Dr. Brian Jobe, one of Williams's treating physicians – indicates Williams *may have* suffered a stroke before the accident. Other evidence – such as the testimony of Dr. Randolph Evans, an expert retained by Lachney – indicates Williams suffered seizures and a cerebral hemorrhage as a result of the accident. Still other evidence – including the testimony of Dr. Anne Hayman, an expert retained by Defendants – indicates Williams had a stroke or seizure before the accident.

Lachney seeks to exclude Dr. Hayman's testimony as untimely and contradictory, in that Dr. Hayman has apparently testified Williams suffered a stroke in one instance and a seizure in another. The timeliness of Dr. Hayman's testimony is addressed below. Any inconsistencies or inadequacies in Dr. Hayman's testimony are more properly addressed through other mechanisms – namely, motions in limine, Daubert motions, or cross-examination at trial. The salient points as to this motion are: (1) Defendants are not obliged to carry their ultimate burden of proof as to the sudden unconsciousness defense at this stage; and (2) even if evidence were somehow pertinent to the issue of futility, there is at least some credible evidence to support Defendants' position, meaning the affirmative defense is not entirely unsupportable.

the incident forming the basis of this litigation." (Doc. 21-2, p. 2). As discussed above, Defendants mislabeled the defense. The averment is also fairly generalized. But the proposed amendment is legally sufficient on its face. It contains a short description of the factual basis for the defense – that Williams experienced a medical emergency before the accident which may shield Defendants from liability. And the proposed amendment – particularly considered in context – is sufficient to give Lachney "fair notice" of Defendants' position, and to avoid any surprise to Lachney. Accordingly, the proposed amendment is not futile.

    4.    <u>The remaining factors favor amendment.</u>

Absent prejudice and futility, the remaining factors favor granting Defendants leave to amend. There is no indication that Defendants delayed in bad faith or with dilatory motive. Defendants explain that they delayed in order to investigate the affirmative defense fully, and only within the deadline allowed for amendments. And because this is Defendants' first and only proposed amendment, there have not been repeated failures to cure deficiencies in Defendants' pleadings.

The Court therefore finds that Defendants should be afforded leave to amend. In the interests of clarity and expediency, the Court further finds that Defendants should submit a corrected pleading substituting the "sudden unconsciousness" defense for the "sudden emergency" defense.

**B.**    <u>The First and Second Motions for Extension should be granted, and the Motion in Limine should be denied.</u>

Lachney moved for an extension of the expert deadlines, or alternatively, for the Court to set rebuttal expert deadlines. (Doc. 29). Lachney was concerned that

11

Defendants had recently retained Dr. Randolph Evans as an expert, and Lachney wanted to preserve his right to retain a rebuttal expert. Defendants did not oppose the extensions if would be "provided with a fair opportunity to address all expert opinions in this case with an equal extension of time on deadlines." (Doc. 31, p. 1).

While the First Motion for Extension and the Motion to Amend were pending, the discovery deadline passed. On September 29, 2017, Defendants retained Dr. Anne Hayman as an expert. Dr. Hayman was apparently retained to address the sudden unconsciousness defense asserted in the Motion to Amend which, at that time, had not been granted. Lachney filed the Motion in Limine (Doc. 43) to exclude Dr. Hayman's testimony at trial as untimely. Lachney also filed the Second Motion for Extension (Doc. 51), requesting sufficient time to retain a rebuttal witness to contest Dr. Hayman's testimony if it is allowed.

Lachney opposes Dr. Hayman's testimony principally because Dr. Hayman was retained three months after the deadline for expert retention. However, Defendants had moved to amend their answer well before that deadline. And Lachney had moved to extend the expert deadlines – with Defendants' conditional consent – before the expert report deadline passed. Given the pendency of the motions to amend and for extensions, Defendants' delay in retaining Dr. Hayman was justifiable. And given the uncertainty surrounding the sudden unconsciousness defense up to this point, both parties are entitled to additional expert discovery regarding that issue. Therefore, the First and Second Motions to Extend should be granted, and the Motion in Limine should be denied.

III. Conclusion

For the foregoing reasons;

IT IS ORDERED that the Motion to Amend Answer to Complaint (Doc. 21) is hereby GRANTED.

IT IS FURTHER ORDERED that, within seven (7) days of the date of this Order, Defendants will submit a proposed Amended Answer as a corrective document, substituting the phrase "sudden unconsciousness" for the phrase "sudden emergency."

IT IS FURTHER ORDERED that the Motion for Extension of Expert Witness Deadlines (Doc. 29) and Motion for Extension to Preserve Deadline to Retain Rebuttal Witness (Doc. 51) are GRANTED. The parties will observe the following deadlines:

- December 15, 2017: Final date for employing experts
- January 19, 2017: Final date for both parties to exchange expert reports
- February 23, 2018: Final date for taking depositions of experts
- May 17, 2018, 2:15 p.m.: Pretrial conference

IT IS FURTHER ORDERED that the Motion in Limine and/or to Exclude Defense Expert (Doc. 43) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 6th day of November, 2017.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

13